UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRED PETERS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER of the INDIANA )<br>DEPARTMENT OF CORRECTION, )<br>)<br>Defendant. ) | CAUSE NO. 3:10-CV-252 PS |

## OPINION AND ORDER

Fred Peters, a *pro se* prisoner, submitted what purports to be a class action complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must contain enough to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the

complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Peters, who is presently housed at Wabash Valley Correctional Center, claims that some of his mail was improperly opened while he was housed at Westville Correctional Center. It is apparent from the face of the complaint that his claim is untimely.

In his complaint, Peters describes an incident occurring "[i]n the first quarter of 2007" in which his mail was opened, and eludes to similar incidents occurring between April 2007 and April 2008. (DE 1 at 8, 12.) Peters' claim is subject to a two-year statute of limitations, and his complaint filed in June 2010 is untimely as to these incidents. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims). Accordingly, Peters' complaint must be dismissed.

Even if Peters' could overcome this threshold procedural bar, he has failed to state a claim for relief. He appears to be complaining that prison staff opened some of his outgoing mail, which he deemed to be "legal" mail. He alleges that the document opened without his permission was a motion for an extension of time that he was sending to a court. (DE 1 at 8.) Prisoners have a protected First Amendment interest in connection with their mail, particularly legal mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 406-07 (1989); *Wolff v. McDonnell*, 418

U.S. 539, 576-577 (1974). "Legal mail" is a term of art, however, and refers to confidential communications between an inmate and his attorney. *Wolff*, 418 U.S. 576-577; *see also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) ("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence."). Here, the mail Peters claims was opened by prison staff was not correspondence to or from his attorney; it was a motion—a public document—that he was filing with a court. This mail was not entitled to protection as "legal" mail.[1] *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (correspondence with a court is not privileged mail in prison setting).

To the extent Peters is also claiming that the prison violated his First Amendment right of access to the courts, this claim fails as well. The right of access to the courts is "ancillary to [an] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To plead this type of "backward-looking" claim, the plaintiff must describe an underlying case that he lost because of illegal interference by the prison, and also must explain what remedy he lost that could not be gained by filing a future suit. *Id.*; *see also Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Peters has not done that here. He submits a declaration purporting to show that the prison interfered with his right of access to the court through various policies regulating an inmate's access to the law library. (DE 2.) However, the declaration actually shows that at the time the declaration was

---

[1] Peters suggests that the prison violated its own policies with respect to the handling of his mail, but under Section 1983 only the violation of a federal right is actionable. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations).

3

executed,[2] Peters had seven active cases that he was litigating in state and federal court. (DE 2 at 2.) He does not allege that he lost any of those cases because of the policies he complains about, and it is apparent from his declaration—as well as the public dockets of this Court and the Southern District of Indiana—that he has been fully able to file documents and otherwise communicate with the courts. Accordingly, his allegations fail to state a claim for relief. Because Peters' complaint is untimely and he has not stated a claim for relief, he cannot proceed with this case as a class action or otherwise.

As a final matter, it appears that Peters has forged the signature of an attorney on his complaint. (*See* DE 1 at 14.) I find it implausible that an attorney prepared this hand-written complaint, which was mailed by Peters from the prison. Because this case is subject to dismissal, however, I find it unnecessary to spend court resources investigating the matter of Peters' apparent forgery. Nevertheless, I will direct that copies of this order be sent to the Superintendent at Wabash Valley Correctional Facility, where Peters prepared and mailed the complaint, and to attorney Kenneth Falk, whose purported signature is contained on the complaint. Peters was recently sanctioned by the U.S. District Court for the Southern District of Indiana for filing papers containing false and misleading statements. *See Peters v. Huston*, 2:09cv315-JMS-DML (S.D. Ind. order dated June 4, 2010). He is cautioned that any further misconduct in this Court may result in the imposition of fines, sanctions, or filing restrictions.

For these reasons, the Court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A;

---

[2] The declaration was executed nearly two years ago, on July 12, 2008, and appears to have been prepared in connection with another case Peters litigated in the Southern District of Indiana. (*See* DE 2.)

4

(2) **DIRECTS** the clerk of court to send a copy of this order to the Superintendent at Wabash Valley Correctional Facility and to attorney Kenneth J. Falk at the ACLU of Indiana.

**SO ORDERED**.

ENTERED: July 29, 2010.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT